# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **SUPERSEDING INDICTMENT** |
| | : | |
| **vs.** | : | **CRIMINAL NO. 5:21-CR-38 (MTT)** |
| | : | |
| JASPER BLACKSHEAR | : | VIOLATIONS: |
| a/k/a "BO LOCK" | : | 21 U.S.C. § 846 |
| JERMAINE WHITE | : | 21 U.S.C. § 841(a)(1) |
| CHADRICK PURNELL | : | 21 U.S.C. § 841(b)(1)(C) |
| a/k/a "SUGAR MAN" | : | 18 U.S.C. § 2 |
| | : | 18 U.S.C. § 924(c)(1)(A)(i) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | 18 U.S.C. § 924(a)(2) |
| | : | 21 U.S.C. § 853 |
| | : | |

**THE GRAND JURY CHARGES:**

<u>**COUNT ONE**</u>
**(CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE BASE)**

That from on or about May 3, 2021, through on or about June 18, 2021, in the Macon Division of the Middle District of Georgia, the Defendant,

**JASPER BLACKSHEAR a/k/a "BO LOCK,"**
**JERMAINE WHITE,**
**CHADRICK PURNELL a/k/a "SUGAR MAN,"**

knowingly and intentionally combine, conspire, and agree together and with each other, and with others, both known and unknown to the Grand Jury, to knowingly possess with the intent to distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable about of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Section 846 in connection with Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

Before JASPER BLACKSHEAR committed the offense charged in Count One, JASPER BLACKSHEAR had a separate, final conviction for a serious violent felony, namely a conviction for Obstruction of an Officer and Terroristic Threats, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before JERMAINE WHITE committed the offense charged in Count One, JERMAINE WHITE had a separate, final conviction for a serious drug felony, namely a conviction under Official Code of Georgia Annotated for VGCSA – Manufacture of Marijuana, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before CHADRICK PURNELL committed the offense charged in Count One, CHADRICK PURNELL had a separate, final conviction for a serious drug felony and a serious violent felony, namely a conviction under Official Code of Georgia Annotated for VGCSA – Possession of Cocaine with the Intent to Distribute and Obstruction of an Officer, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

## COUNT TWO
### (DISTRIBUTION OF COCAINE BASE)

On or about May 7, 2021, in the Macon Division of the Middle District of Georgia, the Defendant,

**JASPER BLACKSHEAR a/k/a "BO LOCK,"**

did knowingly and intentionally distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable about of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before JASPER BLACKSHEAR committed the offense charged in Count Two, JASPER BLACKSHEAR had a separate, final conviction for a serious violent felony, namely a conviction for Obstruction of an Officer and Terroristic Threats, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### COUNT THREE
### (DISTRIBUTION OF COCAINE BASE)

On or about May 10, 2021, in the Macon Division of the Middle District of Georgia, the Defendant,

**JASPER BLACKSHEAR a/k/a "BO LOCK,"**
**CHADRICK PURNELL a/k/a "SUGAR MAN,"**

aided and abetted by each other and by others, both known and unknown to the Grand Jury, did knowingly and intentionally distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable about of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Before JASPER BLACKSHEAR committed the offense charged in Count Three, JASPER BLACKSHEAR had a separate, final conviction for a serious violent felony, namely a conviction for Obstruction of an Officer and Terroristic Threats, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before CHADRICK PURNELL committed the offense charged in Count Three, CHADRICK PURNELL had a separate, final conviction for a serious drug felony and a serious violent felony, namely a conviction under Official Code of Georgia Annotated for VGCSA – Possession of Cocaine with the Intent to Distribute and Obstruction of an Officer, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT FOUR**
**(DISTRIBUTION OF COCAINE BASE)**

On or about May 12, 2021, in the Macon Division of the Middle District of Georgia, the Defendant,

**JASPER BLACKSHEAR a/k/a "BO LOCK,"**
**JERMAINE WHITE,**

aided and abetted by each other and by others, both known and unknown to the Grand Jury, did knowingly and intentionally distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable about of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Before JASPER BLACKSHEAR committed the offense charged in Count Four, JASPER BLACKSHEAR had a separate, final conviction for a serious violent felony, namely a conviction for Obstruction of an Officer and Terroristic Threats, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before JERMAINE WHITE committed the offense charged in Count Four, JERMAINE WHITE had a separate, final conviction for a serious drug felony, namely a conviction under Official Code of Georgia Annotated for VGCSA – Manufacture of Marijuana, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT FIVE**
**(DISTRIBUTION OF COCAINE BASE)**

On or about May 17, 2021, in the Macon Division of the Middle District of Georgia, the Defendant,

**JASPER BLACKSHEAR a/k/a "BO LOCK,"**
**CHADRICK PURNELL a/k/a "SUGAR MAN,"**

aided and abetted by each other and by others, both known and unknown to the Grand Jury, did knowingly and intentionally distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable about of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Before JASPER BLACKSHEAR committed the offense charged in Count Five, JASPER BLACKSHEAR had a separate, final conviction for a serious violent felony, namely a conviction for Obstruction of an Officer and Terroristic Threats, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before CHADRICK PURNELL committed the offense charged in Count Five, CHADRICK PURNELL had a separate, final conviction for a serious drug felony and a serious violent felony, namely a conviction under Official Code of Georgia Annotated for VGCSA –

Possession of Cocaine with the Intent to Distribute and Obstruction of an Officer, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT SIX**
**(DISTRIBUTION OF COCAINE BASE)**

On or about May 19, 2021, in the Macon Division of the Middle District of Georgia, the Defendant,

**CHADRICK PURNELL a/k/a "SUGAR MAN,"**

did knowingly and intentionally distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable about of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before CHADRICK PURNELL committed the offense charged in Count Six, CHADRICK PURNELL had a separate, final conviction for a serious drug felony and a serious violent felony, namely a conviction under Official Code of Georgia Annotated for VGCSA – Possession of Cocaine with the Intent to Distribute and Obstruction of an Officer, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**COUNT SEVEN**
**(DISTRIBUTION OF COCAINE BASE)**

On or about May 26, 2021, in the Macon Division of the Middle District of Georgia, the Defendant,

**CHADRICK PURNELL a/k/a "SUGAR MAN,"**

did knowingly and intentionally distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable about of cocaine base, also known as crack cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before CHADRICK PURNELL committed the offense charged in Count Seven, CHADRICK PURNELL had a separate, final conviction for a serious drug felony and a serious violent felony, namely a conviction under Official Code of Georgia Annotated for VGCSA – Possession of Cocaine with the Intent to Distribute and Obstruction of an Officer, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### COUNT EIGHT
### (POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG-TRAFFICKING CRIME)

On or about May 26, 2021, in the Macon Division of the Middle District of Georgia, the Defendant,

### CHADRICK PURNELL a/k/a "SUGAR MAN,"

did knowingly possess a firearm, that is, one (1) Lorcin, Model L25, .25Auto caliber semiautomatic pistol, serial number C00839; one (1) Bersa, Model Thunder 380, .380ACP caliber semiautomatic pistol, serial number C95270; one (1) Hi-Point, Model 995, 9mm x 19 caliber semiautomatic rifle, serial number F144596; one (1) Hi-Point, Model C9, 9mm Luger caliber semiautomatic pistol, serial number P1943592; in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, that is, the offense alleged in Count Seven of this Indictment, Distribution of Cocaine Base; in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT NINE
## (POSSESSION OF A FIREARM BY A CONVICTED FELON)

On or about May 26, 2021, in the Macon Division of the Middle District of Georgia, the

Defendant,

### CHADRICK PURNELL a/k/a "SUGAR MAN",

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding

one year, did knowingly possess a firearm, that is, one (1) Lorcin, Model L25, .25Auto caliber

semiautomatic pistol, serial number C00839; one (1) Bersa, Model Thunder 380, .380ACP caliber

semiautomatic pistol, serial number C95270; one (1) Hi-Point, Model 995, 9mm x 19 caliber

semiautomatic rifle, serial number F144596; one (1) Hi-Point, Model C9, 9mm Luger caliber

semiautomatic pistol, serial number P1943592; said firearms having been shipped and transported

in interstate and foreign commerce; all in violation of Title 18, United States Code, Sections

922(g)(1) and 924(a)(2).

## COUNT TEN
## (POSSESSION OF A FIREARM BY A CONVICTED FELON)

On or about June 2, 2021, in the Macon Division of the Middle District of Georgia, the

Defendant,

### CHADRICK PURNELL a/k/a "SUGAR MAN",

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding

one year, did knowingly possess a firearm, that is, one (1) Kel-Tec, Model: P-11, 9mm Luger

caliber semiautomatic pistol, Serial Number: #AL059, said firearm having been shipped and

transported in interstate and foreign commerce; all in violation of Title 18, United States Code,

Sections 922(g)(1) and 924(a)(2).

8

### COUNT ELEVEN
### (POSSESSION OF A FIREARM BY A CONVICTED FELON)

On or about June 10, 2021, in the Macon Division of the Middle District of Georgia, the

Defendant,

### CHADRICK PURNELL a/k/a "SUGAR MAN",

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding

one year, did knowingly possess a firearm, that is, one (1) Remington, Model 1100 LT-20, 20

gauge, semiautomatic shotgun, serial number obliterated; one (1) DPMS, Model A-15, .223-

5.56mm caliber, semiautomatic rifle, serial number FH250873; one (1) Cobra, Model FS32, .32

caliber, semiautomatic pistol, serial number FS092533; one (1) Bryco Arms, Model Bryco 59,

9mm semiautomatic pistol, serial number 811842, said firearms having been shipped and

transported in interstate and foreign commerce; all in violation of Title 18, United States Code,

Sections 922(g)(1) and 924(a)(2).

### COUNT TWELVE
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE)

On or about June 17, 2021, in the Macon Division of the Middle District of Georgia, the

Defendant,

### CHADRICK PURNELL a/k/a "SUGAR MAN,"

knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance,

to wit: a mixture and substance containing a detectable about of cocaine base, also known as crack

cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before CHADRICK PURNELL committed the offense charged in Count Twelve,

CHADRICK PURNELL had a separate, final conviction for a serious drug felony and a serious

violent felony, namely a conviction under Official Code of Georgia Annotated for VGCSA –

Possession of Cocaine with the Intent to Distribute and Obstruction of an Officer, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### COUNT THIRTEEN
### (POSSESSION WITH INTENT TO DISTRIBUTE COCAINE)

On or about June 17, 2021, in the Macon Division of the Middle District of Georgia, the Defendant,

### CHADRICK PURNELL a/k/a "SUGAR MAN,"

knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable about of cocaine; all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Before CHADRICK PURNELL committed the offense charged in Count Thirteen, CHADRICK PURNELL had a separate, final conviction for a serious drug felony and a serious violent felony, namely a conviction under Official Code of Georgia Annotated for VGCSA – Possession of Cocaine with the Intent to Distribute and Obstruction of an Officer, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

### FORFEITURE NOTICE
### (21 U.S.C. § 853- Criminal Forfeiture)

1.     The allegations contained in Counts One and Thirteen of this Superseding Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 21, United States Code, Section 853.

10

2.      Upon conviction of the offense(s) in violation of Title 21, United States Code, Section 846 in connection with Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C) set forth in Count One; and/or Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) set forth in Count Thirteen of this Indictment, the defendant(s),

**JASPER BLACKSHEAR a/k/a "BO LOCK,"**
**JERMAINE WHITE,**
**CHADRICK PURNELL a/k/a "SUGAR MAN,"**

shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of the offense(s).

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)      cannot be located upon exercise of due diligence;

(b)      has been transferred, sold to or deposited with, a third person;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL.


_s/ Foreperson of the Grand Jury_
FOREPERSON OF THE GRAND JURY

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

Presented By:

WILLIAM R. KEYES
ASSISTANT UNITED STATES ATTORNEY


Filed in open court this _15_ day of _Sept_, AD 2021.

Deputy Clerk

12

## NOTICE OF ENHANCED DRUG PENALTIES UNDER 21 U.S.C. § 841

**COUNTS ONE, TWO, THREE, FOUR, and FIVE – JASPER BLACKSHEAR:**

COMES NOW, the United States of America, by and through the Acting United States Attorney for the Middle District of Georgia, and files this Notice setting forth facts concerning the prior serious drug felony conviction of **JASPER BLACKSHEAR,** herein referred to as Defendant, for sentencing enhancement under the provisions of Title 21, United States Code, Section 841(b)(1)(C). Defendant's prior conviction enhances Defendant's sentence on Counts One, Two, Three, Four, and Five of the Indictment from a term of imprisonment of twenty (20) years up, a $1,000,000 fine, or both, and at least three (3) years of supervised release, to a term of imprisonment of thirty (30) years, a $2,000,000 fine, or both, and at least six (6) years of supervised release. The ultimate determination of whether a conviction qualifies under Title 21, United States Code, Section 841(b)(1)(C) as a predicate offense will be decided by the jury at trial. The United States intends to rely on the following prior conviction:

1. On July 2, 2001, Defendant entered his plea of guilty to Obstruction of an Officer and Terroristic Threats in Case Number 2001-F-024 in the Superior Court of Twiggs County, Georgia. Defendant was sentenced to 5 years to be served on probation. On February 12, 2003, Defendant's probation was revoked, and he was required to serve 2 years in custody. The Defendant served more than twelve (12) months of said sentence in prison with the Emanuel Probation Detention Center until July 3, 2006, and Defendant's release from said confinement was within fifteen years of commencement of the instant offense.

**COUNTS ONE and FOUR – JERMAINE WHITE:**

COMES NOW, the United States of America, by and through the Acting United States Attorney for the Middle District of Georgia, and files this Notice setting forth facts concerning the prior serious drug felony conviction of **JERMAINE WHITE,** herein referred to as Defendant, for sentencing enhancement under the provisions of Title 21, United States Code, Section 841(b)(1)(C). Defendant's prior conviction enhances Defendant's sentence on Counts One and

Four of the Indictment from a term of imprisonment of twenty (20) years up, a $1,000,000 fine, or

both, and at least three (3) years of supervised release, to a term of imprisonment of thirty (30)

years, a $2,000,000 fine, or both, and at least six (6) years of supervised release. The ultimate

determination of whether a conviction qualifies under Title 21, United States Code, Section

841(b)(1)(C) as a predicate offense will be decided by the jury at trial.  The United States intends

to rely on the following prior conviction:

1.  On October 28, 2014, Defendant entered his plea of guilty to VGCSA – Manufacture of
    Marijuana in Case Number 2014-F-053 in the Superior Court of Twiggs County, Georgia.
    Defendant was sentenced to 10 years imprisonment, with the first 5 years to be served in
    confinement. The Defendant served more than twelve (12) months of said sentence in prison
    with the Georgia Department of Corrections until September 15, 2016, and Defendant's release
    from said confinement was within fifteen years of commencement of the instant offense.

## COUNTS ONE, THREE, FIVE, SIX, SEVEN, TWELVE, and THIRTEEN – CHADRICK PURNELL:

COMES NOW, the United States of America, by and through the Acting United States

Attorney for the Middle District of Georgia, and files this Notice setting forth facts concerning the

prior serious drug felony conviction of **CHADRICK PURNELL,** herein referred to as Defendant,

for sentencing enhancement under the provisions of Title 21, United States Code, Section

841(b)(1)(C). Defendant's prior conviction enhances Defendant's sentence on Counts One, Three,

Five, Six, Seven, Twelve, and Thirteen of the Indictment from a term of imprisonment of twenty

(20) years up, a $1,000,000 fine, or both, and at least three (3) years of supervised release, to a

term of imprisonment of thirty (30) years, a $2,000,000 fine, or both, and at least six (6) years of

supervised release. The ultimate determination of whether a conviction qualifies under Title 21,

United States Code, Section 841(b)(1)(C) as a predicate offense will be decided by the jury at trial.

The United States intends to rely on the following prior conviction:

14

1. On May 9, 2008, Defendant entered his plea of guilty to VGCSA – Possession of Cocaine with the Intent to Distribute and Obstruction of an Officer in Case Number Case Number 2008-F-051 in the Superior Court of Twiggs County, Georgia. Defendant was sentenced to 10 years imprisonment, with the first 5 years to be served in prison. The Defendant served more than twelve (12) months of said sentence in prison with the Georgia Department of Corrections until July 26, 2010, and Defendant's release from said confinement was within fifteen years of commencement of the instant offense.